Honorable Jolie A. Russo

Adam G. Hughes, OSB # 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
Phone:  (206) 492-2300
Email:  ahughes@afrct.com
*Attorneys for HSBC Bank USA, NA, as Trustee for*
*Wells Fargo Asset Securities Corporation, Mortgage*
*Asset-Backed Pass-Through Certificates, Series 2007-PA3*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| GARY LEIF and CAROL HICKENBOTTOM,<br><br>Plaintiffs,<br><br>v.<br><br>UMPQUA BANK;, HSBC BANK, USA NA, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>Defendants. | NO.  6:16-cv-02043-JR<br><br>DEFENDANT HSBC BANK, USA N.A. AS TRUSTEE FOR WELLS FARGO ASSET SECURITES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA2'S MOTION TO DISMISS PLAINTIFFS' INITIAL COMPLAINT |

## I.      LR 7-1 CERTIFICATION

Pursuant to LR 7-1, prior to filing this motion, counsel for Defendant HSBC Bank

USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-

Backed Pass-Through Certificates, Series 2007-PA3 ("HSBC Bank"), reached out to *pro*

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 1
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

*se* Plaintiffs to confer about the necessity of filing this motion given the arguments already presented by co-defendant Umpqua Bank, and the focus of most claims appearing to be against Umpqua Bank only. Plaintiffs would not discuss any of the claims in particular and instead responded "file your Motion to Dismiss and I will oppose."

## II.    MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant HSBC Bank requests that this Court dismiss Plaintiffs' Complaint with prejudice and without leave to amend. All of Plaintiffs' claims against HSBC Bank fail to state a claim upon which relief can be granted, and leave to amend is futile.

## III.    INTRODUCTION

Plaintiffs' complaint fails as it asserts claims that are time barred, are otherwise not cognizable under the law, or are based on theories that have been consistently addressed and rejected by the Oregon District Court, Oregon Appellate Courts, and the Ninth Circuit Court of Appeals. Further, with regard to Plaintiffs' Truth in Lending Act, Fraud in the Concealment, Unconscionable Contract, and Breach of Fiduciary Duty claims, all of the allegations of wrongdoing are against Umpqua Bank, not HSBC Bank. Plaintiffs' Slander of Title and Wrongful Foreclosure claims are also not cognizable under the facts alleged and Oregon law, and are "show me the Note" claims that are routinely rejected. These claims are also directly contrary to the Note itself and the recorded affidavit of service of all required notices recorded by the foreclosure trustee. Plaintiffs have defaulted on their mortgage loan and have not made a payment since before August 1, 2014. The natural consequence of this

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

is foreclosure, which should be allowed to occur.  Plaintiffs' complaint should be dismissed with prejudice and without leave to amend.

### IV.    SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

Plaintiffs' Complaint attempts to assert claims under the following theories: Alleged violation of Truth in Lending Act, Fraud in the Concealment, Unconscionable Contract, Breach of Fiduciary Duty, Slander of Title, Wrongful Foreclosure, and Declaratory Judgment. In support of these claims, Plaintiffs' Complaint alleges the following facts and references the following recorded and unrecorded documents, which speak for themselves.

On or about April 5, 2007, in order to secure a loan in the amount of $565,000.00, Plaintiffs executed a promissory note (the "Note") in favor of "Umpqua Bank, its Successors and/or Assigns," for that same amount.  (Complaint at ¶7, Ex. B; and HSBC's RJN Ex. 1[1].) The Note specifically provides in the first section on the first page under **BORROWER'S PROMISE TO PAY**, as follows: "I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.*

In conjunction with their execution of the Note, Plaintiffs simultaneously executed a deed of trust (the "Deed of Trust") to secure their obligations under the Note, thereby pledging the real property located at 2370 SE Eagles Rest Avenue, Roseburg, Oregon, as security for their repayment of the obligation evidenced by the Note. (Complaint at ¶8, Ex.

---

[1]  Exhibit 1 to the accompanying Request for Judicial Notice ("HSBC's RJN") is a True and Certified Copy of the Note, with endorsement from Umpqua Bank to Wells Fargo Bank, N.A., and an endorsement from Wells Fargo Bank, N.A. to blank.

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

C).  The Deed of Trust was recorded in the Douglas County Official Records on April 11, 2007, under recording number 2007-008503.  *Id.*  The Deed of Trust lists Amerititle as the trustee, Umpqua Bank as the "Lender," and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary, "acting solely as a nominee for Lender and Lender's Successors and Assigns."  *Id.*

The Deed of Trust is an "OREGON-Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT."  (Complaint Ex. C - bottom of each page).  The Deed of Trust "secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property[.]"  (Complaint Ex. C at p. 3).

The Deed of Trust further provides that "The covenants and agreements of this Security instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender."  (Complaint Ex. C at p. 8 (last sentence of ¶13, emphasis added)).  Section 20 further provides that "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  (Complaint Ex. C at p. 10).

Plaintiffs allege that before June 27, 2007, Umpqua Bank sold the note to the Wells Fargo Alternative Loan 2007-PA3 Trust (the "Loan Trust").  (Complaint at ¶10.)  As is confirmed by documents filed with the Securities and Exchange Commission ("SEC"), the

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 4
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Loan Trust is also known as the Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 Trust, which is the trust named in this lawsuit, and for which HSBC Bank USA NA is acting as the trustee as alleged by Plaintiffs herein.  (*See* Complaint and Dkt. No. 7, Umpqua's RJN[2], Exs. C, D, and E).

Beginning on or around August 1, 2014, Plaintiffs ceased making their monthly mortgage payments.  (Complaint Ex. E, at p. 3; Ex. F at p. 1).  On September 29, 2014, MERS, acting "AS NOMINEE FOR UMQUA BANK, ITS SUCCESSOR AND/OR ASSIGNS" executed a Corporate Assignment of Deed of Trust to HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3, that was recorded in the Douglas County Official Records under recording number 2014-013239 on October 8, 2014, giving notice to all of the current beneficiary of the Deed of Trust.  (Complaint Ex. D).

On June 29, 2016, Wells Fargo Bank, N.A., "as servicing agent for [the present beneficiary] HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3," executed an Appointment of Successor Trustee, naming Quality Loan Service Corporation of Washington ("QLS") as the new trustee of the Deed of Trust.  This appointment was recorded on July 5, 2016, under Douglas County Official Records number 2016-010727.  (*See* Docket No. 7, Umpqua's RJN at Ex. A and Ex. B at 9-10

---

[2] References to the Request for Judicial Notice filed by Umpqua Bank in this action (Dkt. No. 7 herein) are referred to herein at "Umpqua's RJN."  Rather than resubmitting the same documents in a separate request

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

[August 22, 2016, Affidavit of Compliance with ORS 86.748(1) shows that Wells Fargo is the "servicer" and "Attorney in Fact for HSBC," which is the "Beneficiary" of the Deed of Trust]).

On July 15, 2016, QLS recorded a Notice of Default and Election to Sell, detailing the fact that Plaintiffs were due on the loan for August 1, 2014, over $90,000 was required to reinstate the loan, over $575,000 was required to pay off the loan, and that the property was scheduled to be sold at foreclosure on December 5, 2016.  (Complaint Ex. E).  QLS also sent Plaintiffs a Trustee's Notice of Sale containing the same information dated July 13, 2016.  (Complaint Ex. F)  A copy of this notice was recorded in the Douglas County Official Records on October 26, 2016, as part of QLS's record of compliance with Oregon foreclosure statutes under recording number 2016-016842, which included the "danger notice" required by ORS 86.756, which was also sent to plaintiffs and recorded with the county.  (*See* Dkt. No. 7, Umpqua's RJN Ex. B.)

Plaintiffs filed this lawsuit on October 24, 2016, asserting claims against Umpqua Bank only related to Umpqua's origination and sale of the loan; specifically, violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), fraud in the concealment, unconscionable contract, and breach of fiduciary duty.  Plaintiffs also assert a slander of title claim against all defendants, and a wrongful foreclosure claim against HSBC Bank and QLS only.  Lastly, while not clearly plead, it also appears that Plaintiffs are seeking a declaration

---

for judicial notice, HSBC Bank hereby joins in Umpqua Bank's request for judicial notice and refers to same as if submitted separately by HSBC Bank.

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that the trust deed is "null and void, due to the inability to prove ownership on the part of the Defendants."  Plaintiffs further ask for relief in the form of cancellation of the pending foreclosure, damages, and attorney fees.  (*See* Complaint at pp. 12-13).[3]

## V.    <u>AUTHORITY</u>

### A.    *Fed. R. Civ. P. 12(b)(6) Standard*

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the Complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and construe the pleading in the light most favorable to Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  While the Court is required to give Plaintiffs the benefit of all factual allegations in the Complaint and all reasonable inferences arising from those facts, the Court must also disregard all legal conclusions couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must also disregard "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

---

[3] It should also be noted that on December 2, 2016, Plaintiffs filed an affidavit of service of the Summons and Complaint, Exhibits A-F, and the Recorded Lis Pendens, purporting to serve HSBC BANK USA, NA, by personal service through CT Corporation Service in Salem, Oregon.  (*See* Dkt. No. 11 at p. 1).  Importantly, however, CT Corporation Service responded and advised Plaintiffs that CT Corporation Service has not been HSBC Bank USA's registered agent since July 20, 2004.  (*Id.* at p. 3).  Plaintiffs have not otherwise served HSBC Bank with process in this litigation, and HSBC Bank has not waived service.

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Where, however, the Plaintiffs fail to "nudge[] [their] claims across the line from conceivable to plausible, [their] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

**B.      Plaintiffs' TILA, Fraud in the Concealment, Unconscionable Contract, and Breach of Fiduciary Duty Claims are Not Asserted Against HSBC Bank, and Otherwise Fail as Detailed in Umpqua Bank's Motion to Dismiss.**

Plaintiffs' TILA, Fraud in the Concealment, Unconscionable Contract, and Breach of Fiduciary Duty claims appear focused only on alleged wrongdoing by Umpqua Bank. That said, to the extent Plaintiffs meant to assert such claims against HSBC Bank also, HSBC Bank joins in the arguments made by Umpqua Bank in its Motion to Dismiss as if fully incorporated herein.  (*See* Dkt. No. 6).  Additionally, HSBC Bank notes the following additional reasons why Plaintiffs' TILA, Fraud, Unconscionable Contract, and Breach of Fiduciary Duty claims must otherwise be dismissed as to HSBC Bank:

**i.      No Basis for Assignee Liability Under TILA**

Because HSBC Bank did not originate the loan at issue, any liability under TILA would have to be as provided by TILA's assignee liability section.  *See* 15 U.S.C. § 1641. To this end, TILA only imposes assignee liability in consumer credit transactions secured by real property (as is the case here) if the violation is "apparent on the face of the

disclosure statement." 15 U.S.C. § 1641(e)(1)(A).  Section 1641(e)(2) further provides that a violation is apparent on the face of the disclosure statement if:

> (A)   the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or

> (B)   the disclosure statement does not use the terms or format required to be used by this subchapter.

15 U.S.C. § 1641(e)(2).

Plaintiffs here cannot maintain a claim of assignee liability under TILA for two reasons.  TILA's assignee liability provision expressly limits liability to violations apparent on the face of the assigned documents, and Plaintiffs have not and cannot allege any violations apparent on the face of the assigned loan documents.  Further, "[o]nly violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents will make the assignee liable under the TILA."  *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998); *cited approvingly in Garcia v. Fannie Mae,* 794 F. Supp. 2d 1155, 1170 (D. Or. 2011), and *Bushong v. Paramount Equity Mortg., Inc.*, 2010 U.S. Dist. LEXIS 107614 at *22 (D. Or. 2010).  No such violations are apparent here.

### ii.    No Basis for Fraud in the Concealment Claim Against HSBC Bank

Plaintiffs' Fraud in the Concealment claim appears to be based upon Umpqua Bank's alleged concealment of its intention to sell the Plaintiffs' loan to the securitized trust for which HSBC Bank USA, NA acts as the Trustee.  While Plaintiffs fail to allege any element of fraud directly against HSBC Bank, any such claim by Plaintiffs would fail for the same reasons identified by Umpqua Bank, including the fact that both the Note and

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Deed of Trust explicitly authorized Umpqua Bank to transfer the loan without the approval of, or notice to, Plaintiffs.  (Complaint Ex. B at p.1, Ex. C at p. 10).  As noted in Umpqua Bank's Motion to Dismiss, the propriety of a transfer into a securitized trust with a Deed of Trust containing identical language to that here was recently discussed in detail by Judge Mosman in *Chruszch v. Bayview Loan Servicing*, No. 15-1131-MO, 2015 U.S. Dist. LEXIS 149614, *8-10 (D. Or. Nov. 4, 2015).  The Note and Deed of Trust thus clearly contemplate and allow for the transfer of the loan from Umpqua Bank to any entity, including a securitized trust as is the case here.  Plaintiffs' Fraud in the Concealment claim should be dismissed.

### iii.    No Basis for Unconscionable Contract Claim

Plaintiffs do not allege that any term of the Note or Deed of Trust itself is unconscionable, but rather allege that Umpqua Bank's concealment of its intention to sell their loan somehow put Plaintiffs at a special disadvantage.  Plaintiffs do not articulate what that "special disadvantage" was, or what was unconscionable about the standard "MULTISTATE FIXED RATE NOTE--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT" Note being secured by a standard "OREGON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT" Deed of Trust. (Complaint Exs. B and C).  Nothing contained in the terms of these uniformly used instruments can possibly be considered unconscionable, and any claim that the securitization of their loan was somehow unconscionable also fails as address in Umpqua Bank's Motion to Dismiss. (Dkt. No. 6, at pp. 11-12).

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

### iv.    No Basis for Breach of Fiduciary Duty Claim

In addition to the arguments and authorities cited in Umpqua Bank's Motion to Dismiss (Dkt. No. 6), which HSBC Bank joins in their entirety, HSBC Bank's Request for Judicial Notice Ex. 1, shows that the Note was indorsed by Umpqua Bank to Wells Fargo Bank, N.A., which then indorsed the Note in blank. (HSBC's RJN Ex. 1 at pp. 3-4). Wells Fargo Bank, N.A., which is the loan servicer for HSBC Bank confirmed that the Note was so indorsed on March 15, 2015, with a "CERTIFICATION OF NOTE PURSUANT TO THE OREGON FORECLOSURE AVOIDANCE PROGRAM." (*Id.* at p. 5). As such, Plaintiffs' lack of indorsement theory also fails because it is contradicted by the very document upon which it relies. *Lazy Y Ranch*, 546 F.3d at 588. Plaintiffs' Breach of Fiduciary duty claim should thus be dismissed for this reason as well.

### C.    *Plaintiffs' Slander of Title Claim Must be Dismissed.*

Plaintiffs' Slander of Title claim appears to argue that HSBC Bank lacks the right to foreclose because no assignment of the deed of trust was recorded until 2014, and the assignment when recorded was from MERS to HSBC Bank, but signed by an employee of Wells Fargo Bank, N.A.

These alleged facts, however, cannot support a slander of title claim because not only did the assignment accurately identify the current beneficiary, but "Oregon law provides that the transfer of a promissory note that is secured by a mortgage automatically effects, by operation of law, an assignment of the mortgage." *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 694 (2013). "[T]he same principle applies to trust deeds: A trust deed

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 11
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

follows the promissory note that it secures." *Id.* Oregon law "does not require recordation

of 'assignments' of the trust deed by operation of law that result from the transfer of the

secured obligation." *Id.* at 699. Thus, HSBC Bank, as the current beneficiary of the Deed

of Trust has the power to foreclose upon default. *See Deutsche Bank Trust Co. Ams. v.*

*Walmsley*, 277 Or. App. 690 (2016) (so holding). Indeed this is true even if no assignment

of the Deed of Trust had been recorded, or even if the assignment is determined to be

invalid, as has been explained recently by Oregon courts:

> Plaintiff also claimed that the recorded assignment of the trust deed from
> MERS, as beneficiary, to Fannie Mae was not effective because MERS was
> not a beneficiary under the OTDA. That is correct under *Brandrup*. As
> defendants note, however, because GreenPoint assigned the trust deed to
> Fannie Mae when it transferred the note to Fannie Mae and because that
> assignment did not need to be recorded, Fannie Mae was a successor
> beneficiary under the OTDA. Fannie Mae therefore could appoint a
> successor trustee and initiate foreclosure proceedings, and the MERS
> assignment to Fannie Mae was inconsequential to the validity of the
> foreclosure sale.

*Hucke v. BAC Home Loans Servicing, L.P.*, 272 Or. App. 94, 113 n.8 (2015) (*internal*

*citation omitted*).

> Even if defendant is correct that MERS had no right to receive repayment of
> the note in this case, the assignment of the deed of trust by MERS to
> plaintiff was a legal nullity without bearing on our analysis, given plaintiff's
> status as holder of the note. *See U.S. Nat'l Bank v. Holton*, 99 Or. 419, 429
> (1921) ("[T]he assignment of a mortgage independent of the debt which it is
> given to secure, is an unmeaning ceremony." (Internal quotation marks
> omitted.)); *Schleef v. Purdy*, 107 Or. 71, 78 (1923) (the transfer of a
> mortgage without a transfer of the underlying debt is "a mere nullity").

*Nationstar Mortg. LLC v. Peper*, 278 Or. App. 594, 597 n.1 (2016). *See also Horner v.*

*Plaza Home Mtg., Inc.*, No. 16-605-SI, 2016 U.S. Dist. LEXIS 85941, *8 n.3 (D. Or. July

1, 2016) (rejecting slander of title claim based on failure to record assignments of the note and trust deed); *Strong v. Lehman Bros. Bank, FSB*, No. 16-1498-MC, 2016 U.S. Dist. LEXIS 143809, *3-4 (D. Or. Oct. 17, 2016) ("Because securitization does not destroy a right to foreclose, there is not a claim for…slander of title….").

Accordingly, the timing, validity, or invalidity, of the assignment from MERS to HSBC Bank provides no basis for a slander of title claim, especially considering that it identified the current beneficiary as the assignee.

Plaintiffs' allegation that the MERS' assignment was fraudulent because the person who executed it on behalf of MERS "is not an employee of MERS, but of Wells Fargo," also provides no basis for a slander of title claim because, as one court recently explained, there was nothing fraudulent about this execution:

> As a matter of convenience, MERS typically allows employees of mortgage servicers to enter their names on MERS' website, which designates the employees as certifying officers of MERS with the job title of assistant secretary or vice president. *See* Christopher L. Peterson, *Two Faces: Demystifying the Mortgage Electronic Registration System's Land Title Theory*, 53 Wm. & Mary L. Rev. 111, 144 (2011). In this capacity, these employees can then sign and record documents, such as mortgage assignments, on behalf of MERS. Courts have held that this practice does not give rise to a legally cognizable claim.

*Danso v. Ocwen Loan Servicing, LLC*, No. 16-1396, 2016 U.S. Dist. LEXIS 112516, *13 (D. Md. Aug. 23, 2016) (citing cases). Further, Plaintiffs do not allege, nor could they, that Scott Gerald Heurkins lacked authority to sign documents on MERS' behalf despite being an employee of Wells Fargo.

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 13
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Plaintiffs' Slander of Title claim also fails regardless of the above reasoning because Plaintiffs have not sufficiently alleged special damages, which is the fourth required element for a slander of title claim.  *Cawrse v. Signal Oil Co.*, 164 Or. 666, 670 (1940).  Special damages in this context require a showing that the plaintiff lost a ready, willing and able buyer. *Shenefield v. Axtell*, 274 Or. 279, 282-83 (1976).  Here, Plaintiffs have not alleged that any particular person or persons were prepared to purchase all or any part of Plaintiffs' interest in the real property at issue:

> While great precision is not required, a complaint for slander of title still must allege that some person or persons were prepared to purchase some part of plaintiff's interest in the property.  Here, plaintiff's allegations concerning 'third parties' are totally abstract; they do not posit the actual existence of anyone.  Plaintiff has failed to adequately allege the fourth element of his cause of action for slander of title.

*Erlandson v. Pullen*, 45 Or. App. 467, 473 (1980); *See also Longley v. Wells Fargo Bank*, *N.A.*, No. 11-3009-CL, 2011 U.S. Dist. LEXIS 46551, *10-11 (D. Or. Mar. 29, 2011) (dismissing slander of title claim for failure to allege special damages); *McDaniel v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 36746, *10-11 (D. Or. Mar. 31, 2011) (same where borrower was in default as the borrowers are here).

Lastly, Plaintiff's Slander of Title claim is also barred by the applicable one year statute of limitation as recognized in *Shenefield supra.*  *Shenefield*, 274 Ore. at 284; *see also Diamond v. Huffman*, 64 Ore. App. 330, 333 (1983).  Plaintiffs' Complaint cites to the act of recording the Assignment of Deed of Trust in 2014 as the communication to a third party element of their claim.  Given that Plaintiffs did not file their Complaint until 2016, however, more than a year passed since the communication and thus the claim is time

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

barred and must be dismissed with prejudice. *See e.g. Horner*, 2016 U.S. Dist. LEXIS 85941, *8. ("The assignment was recorded on June 17, 2013. Plaintiff filed this action in February 2016, more than two years after the recordation. Plaintiff alleges no facts that would allow for the statute of limitations to be tolled. Thus, Plaintiff's claim for slander of title against Chase is time-barred.").

### D. Plaintiffs' Wrongful Foreclosure Claim Must be Dismissed Because it is Not a Recognized Claim Under Oregon Law and Fails Regardless.

"Oregon does not recognize a wrongful foreclosure tort claim." *Medici v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-00959-HA, 2014 U.S. Dist. LEXIS 4928 at *10 (D. Or. Jan. 15, 2014) (*citing Rapacki v. Chase Home Fin. LLC*, 797 F. Supp. 2d 1085, 1090-91 (D. Or. 2011)); *see also Horner*, 2016 U.S. Dist. LEXIS 85941, *9. "Oregon [also] does not recognize a claim for wrongful attempted foreclosure." *Vettrus v. Bank of Am., N.A.*, No. 6:12-cv-00074-AA, 2012 U.S. Dist. LEXIS 162442 at *11 (D. Or. Nov. 6, 2012) (citing cases); *see also Barker v. JP Morgan Chase Bank*, No. 11-579, 2016 U.S. Dist. LEXIS 87945, *21 (D. Or. July 7, 2016) (same). Accordingly, Plaintiffs' wrongful foreclosure claim requesting general and special damages must be dismissed.

Even if Plaintiffs could hypothetically pursue a wrongful foreclosure claim here, their claim still fails on the merits. First, to the extent Plaintiffs are alleging that the Deed of Trust is unenforceable because the loan was sold into a securitized trust, as is discussed above and in Umpqua Bank's Motion to Dismiss (Dkt. No. 6), that argument lacks any merit. *See e.g. Chruszch*, 2015 U.S. Dist. LEXIS 149614, *8-10; *Strong v. Lehman Bros. Bank, FSB*, No. 16-1498-MC, 2016 U.S. Dist. LEXIS 143809, *3-4 (D. Or. Oct. 17, 2016)

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 15
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

("Because securitization does not destroy a right to foreclose, there is not a claim for wrongful foreclosure….").

Further, to the extent Plaintiffs are demanding that HSBC Bank produce the original wet ink Note in order to prove that it is authorized to pursue foreclosure, as they appear to do in Paragraph 55 of the Complaint, such a "show me the Note" claim also fails. *See Hubbard v. Bank of Am.*, No. 10-3094-CL, 2011 U.S. Dist. LEXIS 65809, *7-9 (D. Or. Apr. 21, 2011) (collecting cases); *Tabb v. One W. Bank (Indymac)*, No. CV-10-855-ST, 2010 U.S. Dist. LEXIS 140809, *12-14 (D. Or. Nov. 1, 2010) (Dismissing Complaint based on "show me the note" argument and finding that "Oregon, as Arizona, does not require any party to a trustee's sale to produce a physical copy of the original note.")

Regardless, Plaintiffs' allegations that HSBC Bank does not own their loan or corresponding note, and thus that QLS was invalidly appointed as successor trustee, are directly contradicted by the documents attached to the Complaint and subject to judicial notice (both as requested by Umpqua and HSBC Bank), so they must be disregarded. *See Lazy Y Ranch Ltd.*, 546 F.3d at 588 (so holding).  As noted in the statement of facts above, Umpqua Bank sold the Note to the Loan Trust, HSBC Bank USA, NA is the trustee of that trust and the beneficiary of the loan, Wells Fargo is HSBC Bank's loan servicer, and Wells Fargo, "as servicing agent for HSBC," appointed QLS.   (Umpqua's RJN Ex. A) Additionally, the notice of default and notice of sale both recognize that an assignment of the trust deed to HSBC Bank, as trustee of the Loan Trust, occurred "by operation of law," because the note was sold to the Loan Trust.  (Complaint Ex. E at 3; Ex. F at 1). This is an

express recognition of the rule that "the transfer of a promissory note that is secured by a [trust deed] effects, by operation of law, an assignment of the [trust deed]." *Brandrup*, 353 Or. at 694.  Plaintiffs have identified no basis to believe that anyone other than HSBC Bank is the beneficiary of the Deed of Trust.

Lastly, Plaintiffs allege that "none of the above listed Defendant[s] has issued a 'Danger Notice' as required by Oregon State law." (Complaint ¶ 57).  This allegation, however, also must be ignored as inconsistent with documents subject to judicial notice because QLS both sent the notice to plaintiffs and recorded it with the county. (Umpqua's RJN Ex. B). *Lazy Y Ranch Ltd.*, 546 F.3d at 588.

For each of these reasons, Plaintiffs' wrongful foreclosure claim, even if cognizable under Oregon law (which it is not), should be dismissed with prejudice.

**E.     *Plaintiffs' Declaratory Relief Claim Must be Dismissed.***

On its face, Plaintiffs' Declaratory Relief claim asks only for a declaration of the rights between the parties, but does not allege what Plaintiffs' believe that declaration should be.  (Complain at ¶60).  That said, the prayer for relief does ask that the Deed of Trust be declared null and void "due to the inability to prove ownership on the part of the Defendants."  (Complaint at p. 13).  This request, however, cannot be granted as even if Plaintiffs could somehow prove (contrary to all evidence) that HSBC Bank was not the owner of the loan, that would not provide any basis for a determination that the Deed of Trust is null and void.

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Further, as is addressed above and in Umpqua Bank's separate motion to dismiss (Dkt. No. 6), Plaintiffs have failed to set forth any legally cognizable basis for any declaratory relief in their favor, as all of Plaintiffs' substantive claims fail and must be dismissed. Where, as should be the case here, a plaintiff's substantive claims are dismissed, claims for declaratory relief based on those claims must also be dismissed. *See e.g. Shroyer v. New Cingular Wireless Svcs.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (affirming dismissal of declaratory relief claims based on dismissal of the underlying substantive claims); *Goodwin v. Countrywide Home Loans, Inc.*, 578 Fed. Appx. 688, 689 (9th Cir. 2014) (same).

**F.    *Dismissal of Plaintiffs' complaint should be with prejudice and without leave to amend because any amendment would be futile.***

Normally on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). "However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988)." *Canzoni*, 2016 U.S. Dist. LEXIS 76780, *6 (granting motion to dismiss with prejudice and without leave to amend because there could be no liability as a matter of substantive law.)

Here, Plaintiffs do not deny defaulting on their mortgage loan. Nor do they allege that they have the ability to cure the arrearages. Given that the documents specifically referenced

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

in Plaintiffs' Complaint and other judicially noticeable documents confirm that HSBC Bank is the beneficiary and has the right to foreclose, any amendment by Plaintiffs would be futile and do nothing more than cause unnecessary delay and cost to all parties. Plaintiffs' complaint should therefore be dismissed with prejudice and without leave to amend.

## VI.   CONCLUSION

As is detailed above, and in Umpqua Bank's separately filed motion to dismiss, Plaintiffs' complaint fails on all fronts as it asserts claims that are time barred, are otherwise not cognizable under the law, or are based on theories that have been consistently addressed and rejected by the Oregon District Court, Oregon Appellate Courts, and the Ninth Circuit Court of Appeals. Plaintiffs are admittedly in default on their mortgage loan, and any amendment to their complaint would be futile and only serve to add delay and additional cost to all parties. Accordingly, HSBC Bank requests that Plaintiffs' complaint be dismissed with prejudice and without leave to amend.

DATED this 30th day of December, 2016.

By: *Adam G. Hughes*
Adam G. Hughes, OSB No. 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
Telephone: 206-492-2300
Fax: 206-492-2319
E-Mail: ahughes@afrct.com
*Attorneys for HSBC Bank USA, NA, as Trustee for*
*Wells Fargo Asset Securities Corporation, Mortgage*
*Asset-Backed Pass-Through Certificates, Series*
*2007-PA3*

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 19
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitations under LR 7-2(b) because it contains 4,972 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 30th day of December, 2016 at Seattle, Washington

By: *Adam G. Hughes*
Adam G. Hughes, OSB No. 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
Telephone: 206-492-2300
Fax: 206-492-2319
E-Mail: ahughes@afrct.com
*Attorneys for HSBC Bank USA, NA, as Trustee for*
*Wells Fargo Asset Securities Corporation, Mortgage*
*Asset-Backed Pass-Through Certificates, Series*
*2007-PA3*

109300/BR0008/01570690-1
HSBC BANK'S MOTION TO DISMISS
Page 20
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary Leif                                        [  ] By First Class Mail
2370 S.E. Eagles Rest Ave.                       [X] By CM/ECF system
Roseburg, OR  97470                              [  ] By Email
*Plaintiff Pro Se*                               [  ] By Facsimile

Cody B. Hoesly                                   [  ] By First Class Mail
Larkins Vacura, LLP                              [X] By CM/ECF system
121 S.W. Morrison St., Suite 700                 [  ] By Email
Portland, OR  97204                              [  ] By Facsimile
*Attorneys for Defendant Umpqua Bank*

Casey C. Pence                                   [  ] By First Class Mail
McCarthy & Holthus, LLP                          [X] By CM/ECF system
920 S.W. Third Ave., First Floor                 [  ] By Email
Portland, OR  97204                              [  ] By Facsimile
*Attorneys for Defendant Quality Loan*
*Service Corporation of Washington*

I further certify that on this 30th day of December, 2016, I caused to be delivered a copy of the foregoing to the following non-ECF user in the manner indicated below:

Carol Hickenbottom                               [X] By First Class Mail
2370 S.E. Eagles Rest Ave.                       [  ] By CM/ECF system
Roseburg, OR  97470                              [  ] By Email
*Plaintiff Pro Se*                               [  ] By Facsimile

Dated this 30th day of December, 2016 at Seattle, Washington.

/s/Kay Spading
Kay Spading, Legal Assistant

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319