Honorable Jolie A. Russo

Adam G. Hughes, OSB # 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
Phone:  (206) 492-2300
Email:  ahughes@afrct.com
*Attorneys for HSBC Bank USA, NA, as Trustee for*
*Wells Fargo Asset Securities Corporation, Mortgage*
*Asset-Backed Pass-Through Certificates, Series 2007-PA3*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| GARY LEIF and CAROL HICKENBOTTOM,<br><br>        Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK;, HSBC BANK, USA NA, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>        Defendants. | NO.  6:16-cv-02043-JR<br><br>DEFENDANT HSBC BANK, USA N.A. AS TRUSTEE FOR WELLS FARGO ASSET SECURITES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA2'S **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' INITIAL COMPLAINT** |

### I.    REPLY

Plaintiffs' Opposition to HSBC Bank's Motion to Dismiss fails to set forth any claim upon which relief can be granted, and fails to refute the authority cited in HSBC Bank's motion.  HSBC Bank's motion should be granted and Plaintiffs' Complaint should

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 1
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

be dismissed with prejudice and without leave to amend. Plaintiffs have defaulted on their mortgage loan and have not made a payment since before August 1, 2014. The natural consequence of this is foreclosure, which should be allowed to occur.

After demonstrating a misunderstanding of the standard of review on a motion to dismiss, Plaintiffs' Opposition argues that they should be allowed to pursue the following claims: Slander of Title (¶10 in Opposition), TILA (15 U.S.C. §1641(g) – new claim not in Complaint) (¶18 in Opposition), Breach of Fiduciary Duty (¶¶22-24 in Opposition), and Declaratory Relief (¶25 in Opposition). As is discussed below, however, each of these claims fail, and Plaintiffs have provided no direct response to support their claims of Fraud in the Concealment, Unconscionable Contract, or Wrongful Foreclosure, which also fail for the reasons stated in HSBC Bank's motion.

A.   *Plaintiffs' Slander of Title Claim Must be Dismissed.*

As addressed in HSBC Bank's motion, Plaintiffs' Slander of Title claim both fails to meet the elements of slander of title under Oregon law (failure to plead special damages, assignment identified current beneficiary and thus did not harm Plaintiffs in any way), but is also time barred on its face. That is, Plaintiff's Slander of Title claim is barred by the applicable one year statute of limitation as recognized in *Shenefield v. Axtell*, 274 Or. 279, 284 (1976). *See also Diamond v. Huffman*, 64 Ore. App. 330, 333 (1983). Plaintiffs' Complaint cites to the act of recording the Assignment of Deed of Trust in 2014 as the communication to a third party element of their claim. Further, Plaintiffs' opposition even admits that the recording of the assignment provided them with constructive notice as of

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 2
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

the date it was recorded in October 2014. *See* Opposition at ¶¶19-20, and ORS 93.643(1). Given that Plaintiffs did not file their Complaint until 2016, however, more than a year passed since the communication and thus the claim is time barred and must be dismissed with prejudice. *See e.g. Horner v. Plaza Home Mortgage, Inc.*, No. 16-605-SI, 2016 U.S. Dist. LEXIS 85941, *8 (D. Or. July 1, 2016). ("The assignment was recorded on June 17, 2013. Plaintiff filed this action in February 2016, more than two years after the recordation. Plaintiff alleges no facts that would allow for the statute of limitations to be tolled. Thus, Plaintiff's claim for slander of title against Chase is time-barred.").

B.   ***Plaintiffs' Newly Espoused TILA Claim is Time Barred.***

Attempting to avoid the failings of their Complaint, Plaintiffs' Opposition asserts for the first time that HSBC Bank violated 15 U.S.C. §1641(g) by "failing to notify the Plaintiff in writing of said transfer within 30 days." *See* Opposition at ¶18. Plaintiffs then argue that the discovery rule should apply, and until they had the "Chain of Title Analysis" conducted in September 2016, they had no way to know of HSBC Bank's status as owner of the Note. *Id.*

As Plaintiffs acknowledge, all TILA claims under §1641 are subject to a one-year statute of limitations that runs from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). By its specific terms, the discovery rule does not apply. However, even if the discovery rule did apply, Plaintiffs admit to receiving constructive notice of the alleged violation in October 2014 when the Assignment of Deed of Trust was recorded, yet they did not file their complaint until 2016. *See* Opposition at ¶19-20 and ORS 93.643(1). *See also Horner supra*. Plaintiffs' newly asserted TILA claim is thus time barred.

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 3
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

### C.    *Plaintiffs' New Breach of Fiduciary Duty Arguments Fail*

Plaintiffs appear to argue that HSBC Bank acted as their fiduciary, yet they fail to set forth any basis for such a relationship.  "Under Oregon law, the existence of a fiduciary duty depends on whether the parties are in a special relationship such that one party exercise[s] independent judgment in the [other] party's behalf and in the [other] party's interests."  *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1036 (D. Or. 2012).

> Another way to characterize the types of relationships in which a heightened duty of care exists is that the party who owes the duty has a *special responsibility* toward the other party.  This is so because the party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests.

*Conway v. Pac. Univ.*, 324 Ore. 231, 240, 924 P.2d 818 (1996) (emphasis in original).

Plaintiffs here have failed to allege any facts that would indicate they are in a special relationship with HSBC Bank.  Moreover, Plaintiffs' relationship with HSBC Bank as borrowers and lender is not fiduciary in nature.  *Arnett,* 874 F.Supp.2d at 1037; *see also Mcdaniel v. BAC Home Loans Servicing, LP*, No. 10-6143-HO, 2011 U.S. Dist. LEXIS 36746, 2011 WL 1261387 *6 (D. Ore. Mar. 31, 2011) (*citing Uptown Heights Assoc. Ltd. v. Seafirst Corp.*, 320 Ore. 638, 650 (1995)).

Plaintiffs' breach of fiduciary duty claim against HSBC Bank must be dismissed.

### D.    *Plaintiffs' Declaratory Relief Claim Must Also Be Dismissed*

Plaintiffs have failed to set forth any legally cognizable basis for any declaratory relief in their favor, as all of Plaintiffs' substantive claims fail and must be dismissed. Where, as here, a plaintiff's substantive claims fail, claims for declaratory relief based on

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 4
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

those claims must also fail. *See e.g. Shroyer v. New Cingular Wireless Svcs.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (affirming dismissal of declaratory relief claims based on dismissal of the underlying substantive claims); *Goodwin v. Countrywide Home Loans, Inc.*, 578 Fed. Appx. 688, 689 (9th Cir. 2014) (same).

E.  **Plaintiffs' "Expert" Declaration and "Chain of Title Analysis" Do Not Save Their Claims**

Plaintiffs' Opposition attaches an affidavit from a private investigator in Texas that purports to generally support their claims, but actually refutes Plaintiffs' arguments as it confirms HSBC Bank to be the owner of the Note herein, and otherwise fails to identify any issue that would support denial of HSBC Bank's Motion to Dismiss. Plaintiffs also attached an unsigned "Chain of Title Analysis," which contains erroneous legal analysis concluding that the Note has been separated from the Deed of Trust, something that is not possible under Oregon law. *United States Nat. Bank v. Holton*, 99 Ore. 419, 428-29, 195 P 823 (1921) (a mortgage or trust deed follows the note that it secures), *cited for this rule more recently in Niday v. GMAC Mortg., LLC*, 353 Ore. 648, 665 (Or. 2013). This "Analysis" also erroneously concludes that any assignment of the deed of trust or indorsement on the Note executed after the New York securitized trust's closing date is void. The Ninth Circuit recently rejected this argument in *Morgan v. Aurora Loan Services, LLC* (9th Cir. 2016) 646 Fed. Appx. 546, explaining that "because an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Service Agreement (PSA) at issue, Morgan lacks standing here." (*Id.* at p. 550; accord, *Zeppeiro v. GMAC Mortgage, LLC* (9th Cir. Oct. 5, 2016, No. 13-55420)

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 5
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

2016 U.S.App. Lexis 18083.)   Here, Plaintiffs' attached "expert" affidavit and "Chain of Title Analysis," thus provide no assistance to them in pursuing any claim in this litigation.

### F. *Dismissal of Plaintiffs' complaint should be with prejudice and without leave to amend because any amendment would be futile.*

Plaintiffs do not deny defaulting on their mortgage loan.  Nor do they allege that they have the ability to cure the arrearages.  Given that the documents specifically referenced in Plaintiffs' Complaint and other judicially noticeable documents confirm that HSBC Bank is the beneficiary and has the right to foreclose, any amendment by Plaintiffs would be futile and do nothing more than cause unnecessary delay and cost to all parties.  Plaintiffs' complaint should therefore be dismissed with prejudice and without leave to amend.

## II. CONCLUSION

Plaintiffs' complaint fails on all fronts as it asserts claims that are time barred, are otherwise not cognizable under the law, or are based on theories that have been consistently addressed and rejected by the Oregon District Court, Oregon Appellate Courts, and the Ninth Circuit Court of Appeals.   Plaintiffs are admittedly in default on their mortgage loan, and any amendment to their complaint would be futile and only serve to add delay and additional cost to all parties.  Accordingly, HSBC Bank requests that Plaintiffs' Complaint be dismissed with prejudice and without leave to amend.

DATED this 2nd day of February, 2017.

By: *Adam G. Hughes*
Adam G. Hughes, OSB No. 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 6
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Seattle, WA 98101
Telephone: 206-492-2300
Fax:  206-492-2319
E-Mail: ahughes@afrct.com
*Attorneys for HSBC Bank USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3*

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF
MOTION TO DISMISS
Page 7
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gary Leif | [ ] By First Class Mail |
| 2370 S.E. Eagles Rest Ave. | [X] By CM/ECF system |
| Roseburg, OR  97470 | [ ] By Email |
| *Plaintiff Pro Se* | [ ] By Facsimile |
| | |
| Cody B. Hoesly | [ ] By First Class Mail |
| Larkins Vacura, LLP | [X] By CM/ECF system |
| 121 S.W. Morrison St., Suite 700 | [ ] By Email |
| Portland, OR  97204 | [ ] By Facsimile |
| *Attorneys for Defendant Umpqua Bank* | |
| | |
| Casey C. Pence | [ ] By First Class Mail |
| McCarthy & Holthus, LLP | [X] By CM/ECF system |
| 920 S.W. Third Ave., First Floor | [ ] By Email |
| Portland, OR  97204 | [ ] By Facsimile |
| *Attorneys for Defendant Quality Loan Service Corporation of Washington* | |

I further certify that on this 2nd day of February, 2017, I caused to be delivered a copy of the foregoing to the following non-ECF user in the manner indicated below:

| | |
|---|---|
| Carol Hickenbottom | [X] By First Class Mail |
| 2370 S.E. Eagles Rest Ave. | [ ] By CM/ECF system |
| Roseburg, OR  97470 | [ ] By Email |
| *Plaintiff Pro Se* | [ ] By Facsimile |

Dated this 2nd day of February, 2017, at Seattle, Washington.

/s/Kay Spading
Kay Spading, Legal Assistant

109300/BR0008/01570690-1
HSBC BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS
Page 8
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319