Honorable Jolie A. Russo

Adam G. Hughes, OSB # 155290
ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
Phone: (206) 492-2300
Email: ahughes@afrct.com

*Attorneys for HSBC Bank USA, NA, as Trustee for*
*Wells Fargo Asset Securities Corporation, Mortgage*
*Asset-Backed Pass-Through Certificates, Series 2007-PA3*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| GARY LEIF and CAROL HICKENBOTTOM,<br><br>  Plaintiffs,<br><br>v.<br><br>UMPQUA BANK;, HSBC BANK, USA NA, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-PA3; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,<br><br>  Defendants. | NO. 6:16-cv-02043-JR<br><br>DEFENDANT HSBC BANK'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS (COLLECTIVELY) MOTIONS TO DISMISS |

## I.    RESPONSE

Defendant HSBC Bank USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3 ("HSBC Bank") hereby opposes the Plaintiffs' recently filed Request for Judicial Notice

109300/BR0008/01570690-1
HSBC BANK'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE - Page 1
CASE NO. 6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

because (1) providing supplemental legal authority, as Plaintiffs have attempted to do, is not a proper subject of a request for judicial notice, and (2) the legal authority provided by Plaintiffs is a 2011 Oregon District Court opinion that was reversed and remanded by the Ninth Circuit Court of Appeals in 2014.  *See Hooker v. Northwest Trs. Servs.*, 572 Fed. Appx. 512, 2014 U.S. App. LEXIS 8850 (9th Cir. 2014) – copy attached.

DATED this 31st day of March, 2017.

> By: *Adam G. Hughes*
> Adam G. Hughes, OSB No. 155290
> ANGLIN FLEWELLING RASMUSSEN
> CAMPBELL & TRYTTEN LLP
> 701 Pike Street, Suite 1560
> Seattle, WA 98101
> Telephone: 206-492-2300
> Fax: 206-492-2319
> E-Mail: ahughes@afrct.com
> *Attorneys for HSBC Bank USA, NA, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates, Series 2007-PA3*

109300/BR0008/01570690-1
HSBC BANK'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE - Page 2
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gary Leif<br>2370 S.E. Eagles Rest Ave.<br>Roseburg, OR  97470<br>*Plaintiff Pro Se* | [  ] By First Class Mail<br>[X] By CM/ECF system<br>[  ] By Email<br>[  ] By Facsimile |
| Cody B. Hoesly<br>Larkins Vacura, LLP<br>121 S.W. Morrison St., Suite 700<br>Portland, OR  97204<br>*Attorneys for Defendant Umpqua Bank* | [  ] By First Class Mail<br>[X] By CM/ECF system<br>[  ] By Email<br>[  ] By Facsimile |
| Casey C. Pence<br>McCarthy & Holthus, LLP<br>920 S.W. Third Ave., First Floor<br>Portland, OR  97204<br>*Attorneys for Defendant Quality Loan Service Corporation of Washington* | [  ] By First Class Mail<br>[X] By CM/ECF system<br>[  ] By Email<br>[  ] By Facsimile |

I further certify that on this 31st day of March, 2017, I caused to be delivered a copy of the foregoing to the following non-ECF user in the manner indicated below:

| | |
|---|---|
| Carol Hickenbottom<br>2370 S.E. Eagles Rest Ave.<br>Roseburg, OR  97470<br>*Plaintiff Pro Se* | [X] By First Class Mail<br>[  ] By CM/ECF system<br>[  ] By Email<br>[  ] By Facsimile |

Dated this 31st day of March, 2017, at Seattle, Washington.

*/s/Kay Spading*
Kay Spading, Legal Assistant
AFRCT, LLP

109300/BR0008/01570690-1
HSBC BANK'S OPPOSITION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE - Page 3
CASE NO.  6:16-CV-02043-JR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319



Neutral
As of: March 28, 2017 11:31 AM EDT

# Hooker v. Northwest Trs. Servs.

United States Court of Appeals for the Ninth Circuit

May 5, 2014, Resubmitted; May 12, 2014, Filed

No. 11-35534

**Reporter**
572 Fed. Appx. 512 *; 2014 U.S. App. LEXIS 8850 **; 2014 WL 1876535

IVAN HOOKER and KATHERINE HOOKER, Plaintiffs - Appellees, v. NORTHWEST TRUSTEE SERVICES, INC., Defendant, and BANK OF AMERICA, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Defendants - Appellants.

**Notice:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [**1] Appeal from the United States District Court for the District of Oregon. D.C. No. 1:10-cv-03111-PA. Owen M. Panner, Senior District Judge, Presiding.

March 3, 2014, Argued and Submitted, Portland, Oregon; March 10, 2014, Withdrawn from Submission.

Hooker v. Northwest Tr. Servs., 2011 U.S. Dist. LEXIS 57005 (D. Or., May 25, 2011)

**Disposition:** REVERSED and REMANDED.

## Core Terms

trust deed, district court, assignments, beneficiary, plaintiffs', recording, requires, court's decision, proceedings, foreclose, lender

**Counsel:** For Ivan Hooker, Katherine Hooker, Plaintiffs - Appellees: James Stout, Medford, OR.

For Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Defendants - Appellants: Thomas William Sondag, Pilar Cortwright French, Lane Powell PC, Portland, OR.

**Judges:** Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District Judge.**

## Opinion

 [*513]  MEMORANDUM *

Defendant-Appellant Bank of America ("BOA") appeals the district court's grant of sua sponte summary judgment to plaintiffs Ivan and Katherine Hooker. The district court set aside BOA's nonjudicial foreclosure on plaintiffs' home, stating that BOA had failed to comply with the recording requirements of Oregon Rev. Stat. § 86.735(1), [**2] current version at Or. Rev. Stat. § 86.752(1). We reverse and remand for further proceedings in light of the Oregon Supreme Court's ruling in Brandrup v. ReconTrust Co., 353 Ore. 668, 303 P.3d 301 (Or. 2013), issued after the district court's decision in this case.

As *Brandrup* makes clear, the district court correctly held that MERS was not the beneficiary under plaintiffs' deed of trust, because it is neither the lender nor the lender's successor in interest. See id. at 304, 309-12. Nor is MERS eligible to serve as the beneficiary simply by being designated as such in the trust deed. Id. at 313-15. *Brandrup* also clarifies, however, that the transfers between the true beneficiaries of the deed of trust (in this case, the assignments from GN Mortgage to Wells Fargo and then to BOA), which occurred only by operation of law through the transfer of the note, were not the type of assignments that must be recorded under Oregon law. Id. at 318 (concluding that §

---

** The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Adam Hughes

86.735(1) requires recordation of only "written assignments that are executed and acknowledged with [the formalities of an assignment by a written instrument], not a *post hoc* memorialization of a transfer of the secured obligation created solely **[**3]** for the purpose of recording"). Because the district court's decision was erroneous under *Brandrup,* we reverse.

*Brandrup* requires BOA to establish with "definitive documentation" that it is the true beneficiary under plaintiffs' deed of trust. *Id.*; *see also Niday v. GMAC Mortg., 353 Ore. 648, 302 P.3d 444, 454 & n.8 (Or. 2013)* (suggesting that the relevant inquiry may be whether the foreclosing party is the "person entitled to enforce the note"). We remand for appropriate proceedings in the district court to determine whether BOA is entitled to foreclose.

**REVERSED and REMANDED.**

**End of Document**