IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GARY LEIF and CAROL HICKENBOTTOM,

    Plaintiffs,

vs.

UMPQUA BANK; HSBC BANK USA, NA; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,

    Defendants.

No. 6:16-cv-02043-JR
ORDER

---

AIKEN, Judge:

On February 15, 2017, Magistrate Judge Russo filed her Findings and Recommendation ("F&R") (doc. 31) recommending this Court dismiss the complaint in this case for failure to state a claim. The F&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. I review *de novo* those portions of the F&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004). Plaintiffs do not offer specific objections to the F&R, instead generally reiterating arguments made in their response to defendants' motion to dismiss. However, because plaintiffs are *pro se*,

Page 1 – ORDER

I have construed their objections liberally and given the file of this case *de novo* review. I find no error in Judge Russo's reasoning and agree that plaintiffs' claims must be dismissed.

Plaintiffs request judicial notice of *Hooker v. Nw. Trustee Servs., Inc.*, 2011 WL 2119103 (D. Or. May 25, 2011). Defendants are correct that prior decisions of this Court are not proper subjects of judicial notice under the Federal Rules of Evidence. Plaintiffs are *pro se*, however, and cannot be expected to understand the precise role of each technical rule. I therefore construe their motion as an attempt to provide the Court with supplemental authority. In general, a party must make its entire argument in the objections to the F&R and may not submit a supplemental brief without leave of the Court unless there is new authority relevant to the decision. Here, the decision at issue is from 2011 and not new. Nonetheless, because plaintiffs are *pro se*, I exercise my discretion to consider plaintiffs' supplemental authority.

*Hooker* does not change the analysis. *Hooker*, like this case, involved the Mortgage Electronic Registration Systems, Inc. ("MERS") and a disputed foreclosure. But the similarities stop there. The plaintiffs in *Hooker* sued for wrongful foreclosure based on the defendants' purported failure to comply with the recording provisions of the Oregon Trust Deed Act. *Id.* at *2–4. This Court resolved the case on "narrow grounds," holding that "[b]ecause defendants failed to record all assignments of the trust deed, the non-judicial foreclosure proceedings violated the Oregon Trust Deed Act." *Id.* at *7. Here, plaintiffs' wrongful foreclosure claim is not based on failure to record; it is based on the theory that securitization of their loan renders the foreclosure void. As explained in the F&R, that argument has been repeatedly rejected by this Court. Moreover, *Hooker* was reversed by the Ninth Circuit in 2014 because an intervening Oregon Supreme Court case made clear that the transfers at issue in *Hooker* "were not the type

of assignments that must be recorded under Oregon law." *Hooker v. Nw. Trustee Servs., Inc.*, 572 F. App'x. 512, 513 (9th Cir. 2014) (unpublished).

I ADOPT Judge Russo's F&R (doc. 31). Plaintiffs' request for judicial notice (doc. 39) is DENIED. Because I find that "plaintiff[s] can prove no set of facts that would entitle [them] to relief" on the asserted claims, *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008), plaintiffs' request for leave to amend is denied and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 2nd day of ~~April~~ May 2017.

_____
Ann Aiken
United States District Judge

Page 3 -- ORDER